GREENUP COUNTY, Kentucky, and Greenup County Fiscal Court, By and Through Richard OUSLEY, Judge-Executive; William Paul Riffe, Commissioner; Irving C. Fannin, Commissioner, and C. A. Wilson, Commissioner, Appellants,

v.

UTILITIES COMMISSION OF the CITY OF VANCEBURG, Kentucky, Appellee.

Court of Appeals of Kentucky.

March 19, 1982.

Charles M. Daniels, Daniels, Armstrong, Cantrell & Hatfield, Greenup, for appellants.

Brown, Todd, & Heyburn, Kenneth K. Tuggle, Mack J. Morgan, III, Louisville, E. V. Holder, Jr., Holder & Lykins, Vanceburg, for appellee.

Before GUDGEL, HOWERTON and REYNOLDS, JJ.

HOWERTON, Judge.

The appellants appeal from an order of the Greenup Circuit Court dismissing their complaint with prejudice. The appellants initiated this suit to prevent the appellee from condemning land in Greenup County for the purpose of constructing transmission lines from its power plant on the Ohio River across Greenup County and into Lewis County, wherein the City of Vanceburg is located.

The appellee filed a memorandum in support of its motion to dismiss, setting forth five primary reasons for dismissal. The appellee presents the same five points in defense of the trial court's action, and if we agree with any of them, we must affirm the order.

The City of Vanceburg was issued a license by the Federal Power Commission, now known as the Federal Energy Regulatory Commission (FERC), to construct, operate, and maintain the Greenup Hydroelectric Project No. 2614. The project included, among other things:

(7) A single-circuit 138kv transmission line extending from the power plant four miles to East Kentucky Rural Electric Cooperative Corporation's (EKRECC) Argentum Substation, then 28 miles to Licensee's Black Oak Substantion, then 13 miles to EKRECC's Charters Substation, then 26 miles to EKRECC's Charleston Bottoms generating station (Maysville)
. . . .

The FERC authority may grant licenses to municipalities under the authority of 16 U.S.C. § 797(e). The project may include the lines necessary for transmitting the power within the distribution system. 16 U.S.C. § 797(e), and the licensee has the power of eminent domain to acquire land for transmission lines. 16 U.S.C. § 814. *See also, State of Louisiana, Sabine River Authority v. Lindsey,* 524 F.2d 934 (5th Cir. 1975).

The appellants attempt to present a conflict in authority to condemn in Greenup County through the application of the Kentucky Eminent Domain Act. We need not decide if there is any conflict, because even if a conflict exists, the federal licensee has the authority to condemn the necessary right-of-way through the federal courts. When a federal licensee condemns land pursuant to 16 U.S.C. § 814, it acts as an agent of the United States Government. *Georgia Power Co. v. 54.20 Acres of Land,* 563 F.2d 1178 (5th Cir. 1977). A federal licensee has the right to condemn property which it is not able to obtain under applicable state statutes. *First Iowa Hydroelectric Cooperative v. Federal Power Commission,* 328 U.S. 152, 66 S.Ct. 906, 90 L.Ed. 1143 (1946). State law does not affect a federal licensee's power to acquire land necessary to effectuate its license. *First Iowa, supra,* and *Georgia Power Co., supra.*

We have some sympathy for the elected officials of Greenup County who wish to exercise some control over the location of transmission lines across their territory. The presence of high-voltage transmission lines can be detrimental, especially when they are located in prime residential areas or areas best suited for purposes incompati-

ble with the lines. Our sympathy wanes a bit, however, when we realize that the Greenup County Officials could have voiced their concerns or objections during the hearings before the granting of the license.

At this time, it appears that any protests as to location will have to be presented by individual landowners who are unsatisfied with the effect a transmission line will have when located over their property.

The trial court correctly dismissed the complaint with prejudice, and the order is therefore affirmed.

All concur.